UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| HARRY JACKSON, | : |
| Petitioner, | : Civ. No. 12-5826 (RBK) |
| v. | : **OPINION** |
| WARDEN DONNA ZICKEFOOSE, | : |
| Respondent. | : |

**ROBERT B. KUGLER, U.S.D.J.**

## I.   INTRODUCTION

Petitioner is a federal inmate currently incarcerated at F.C.I. Fort Dix in Fort Dix, New Jersey.  He is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Petitioner argues that the Bureau of Prisons ("BOP") does not have the authority under the Inmate Financial Responsibility Program ("IFRP") to change the sentencing court's payment schedule with respect to his restitution obligation.  For the following reasons, the habeas petition will be denied.

## II.   BACKGROUND

Petitioner pled guilty in the United States District Court for the Eastern District of Pennsylvania to conspiracy to interfere with interstate commerce by robbery (Count 1), inference with interstate commerce by robbery and aiding and abetting (Count 2) and use of firearm during a crime of violence and aiding and abetting (Count 3).  On October 5, 2009, he was sentenced to 135 months imprisonment.  The sentencing court also imposed a $300.00 felony assessment and $700,000.00 in restitution.  The special instructions regarding the payment of criminal monetary penalties stated as follows:

> The special assessment is due immediately. The restitution is due
> immediately. It is recommended that the defendant participate in
> the Federal Bureau of Prisons Inmate Financial Responsibility
> Program and provide a minimum payment of $25.00 per quarter,
> from money earned in prison towards the restitution.

(Dkt. No. 9-1 at p. 25.)

On February 13, 2012, petitioner entered into an Inmate Financial Plan whereby he agreed to pay $30.00 per month to satisfy his restitution obligations. (*See id.* at at p. 27.) Subsequently, on May 28, 2013, petitioner entered into a new Inmate Financial Plan whereby he agreed to pay $35.00 quarterly to satisfy his restitution obligations. (*See id.* at p. 30.)

On September 17, 2012, petitioner filed his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in this Court. He argues that the BOP was not at liberty to change his restitution payment schedule as set out by the Eastern District of Pennsylvania in its judgment. Respondent was ordered to file a response to the habeas petition and did so on November 15, 2013.[1]

### III.    DISCUSSION[2]

As petitioner is challenging the execution of his sentence with respect to the purported BOP's modification of his restitution payment schedule, the claim is properly raised in this § 2241 habeas petition. *See Duronio v. Werlinger*, 454 F. App'x 71, 73 (3d Cir. 2011) (per curiam) (citations omitted). Petitioner claims that the BOP violated the Mandatory Victims

---

[1] Respondent notes in the answer that Jordan Hollingsworth has replaced Donna Zickefoose as the warden at F.C.I. Fort Dix. Thus, the Clerk shall be ordered to replace Donna Zickefoose with Jordan Hollingsworth as the named respondent in this case. *See* FED. R. CIV. P. 25(d).

[2] As petitioner's habeas petition will be denied on the merits for the reasons discussed *infra*, the Court declines to address respondent's alternative rationale that the habeas petition should be dismissed due to a lack of exhaustion. *See Guerrero v. Recktenwald*, No. 13-1870, 2013 WL 5753431, at *2 (3d Cir. Oct. 24, 2013) (per curiam) (finding district court did not err by denying § 2241 habeas petition on merits before determining whether petitioner exhausted administrative remedies as "[t]he general grant of jurisdiction in habeas corpus . . . permits denial of a petition for the Great Writ on its merits, though state remedies may not be exhausted.") (internal quotation marks and citations omitted).

Restitution Act ("MVRA") by setting the amount of his restitution payments under the IFRP above the minimum $25.00 quarterly payment set out in the Eastern District of Pennsylvania's judgment order. The MVRA states that district courts shall order restitution for certain crimes, including those committed by petitioner, when "an identifiable victim or victims has suffered a physical injury or pecuniary loss." 18 U.S.C. § 3663(c)(1)(B). While the MVRA requires the sentencing court to set a restitution payment schedule, "[t]he MVRA does not prohibit an inmate from voluntarily making larger or more frequent payments than what was set by the sentencing court." *United States v. Lemoine*, 546 F.3d 1042, 1046 (9th Cir. 2008). With respect to the IFRP

> The IFRP is meant to "encourage[ ] each sentenced inmate to meet his or her legitimate financial obligations." 28 C.F.R. § 545.10. Those financial obligations generally consist of a fine, an order for restitution, and/or a special assessment imposed as part of a criminal judgment. Under the IFRP, prison staff "shall help th[e] inmate develop a financial plan and shall monitor the inmate's progress in meeting" his obligations. 28 C.F.R. § 545.11. Thus, the goal of the IFRP is to achieve compliance with a provision of each convict's criminal judgment – namely the timely payment of whatever sum the court has ordered him to pay.

*McGee v. Martinez*, 627 F.3d 933, 936 (3d Cir. 2010). "The IFRP is lawful and participation in it is strictly voluntary." *See Jordan v. Holt*, 488 F. App'x 587, 588 (3d Cir. 2012) (per curiam) (citing *James v. Quinlan*, 866 F.2d 627, 631 (3d Cir. 1989); *United States v. Boyd*, 608 F.3d 331, 334 (7th Cir. 2010)); *see also Duronio*, 454 F. App'x at 73-74 ("'The IFRP can be an important part of a prisoner's efforts toward rehabilitation, but strictly speaking, participation in the program is voluntary[;] . . . an inmate in the Bureau of Prisons' custody may lose certain privileges by not participating in the IFRP, but the inmate's participation *cannot be compelled*.") (emphasis in original) (quoting *United States v. Boyd*, 608 F.3d 331, 334 (7th Cir. 2010)). The Third Circuit has stated that it is "aware of no holding that would suggest that an inmate is prohibited from contributing additional monies to restitution he owes, especially when doing so –

3

and being placed on IFRP status – confers benefits that would otherwise be lost." *Duronio*, 454 F. App'x at 73.

As petitioner voluntarily entered into the IFRP, he cannot complain about how his restitution payments are now being scheduled while in the voluntary program. *See Jordan*, 488 F. App'x at 588 ("The BOP only 'implements' the IFRP after a prisoner has chosen to participate in it. Jordan cannot be heard to complain about the 'unlawful action of scheduling [his] restitution payments' after he elected participation in it."); *Duronio*, 454 F. App'x at 73-74 (affirming denial of habeas petition where petitioner alleged BOP unlawfully modified restitution schedule by finding that petitioner's voluntary participation in the IFRP is determinative as it provides the BOP the authority to collect restitution funds). Therefore, petitioner's claim that the BOP improperly changed the restitution payment schedule is without merit.

## IV. CONCLUSION

For the foregoing reasons, the habeas petition is denied. An appropriate order will be entered.

DATED: January 13, 2014

                                              s/Robert B. Kugler
                                              ROBERT B. KUGLER
                                              United States District Judge